# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **LEONARD BURTON JONES**, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:21CV00288 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **RODNEY W. YOUNCE, WARDEN**, | ) | JUDGE JAMES P. JONES |
| | ) | |
| Respondent. | ) | |

*Leonard Burton Jones*, Pro Se Petitioner; *Timothy J. Huffstutter*, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Respondent.

Petitioner, proceeding pro se, has filed this petition for habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2016 state conviction and sentence for possession of a firearm after having been convicted of a violent felony. Respondent has filed a Motion to Dismiss and Rule 5 Answer, to which Petitioner has responded. Upon review of the record, I find that the Court does not have subject-matter jurisdiction of the Petition because Petitioner was not "in custody" as required by § 2254.

Petitioner was convicted by a jury in the Circuit Court for Frederick County, Virginia, on August 19, 2016, and sentenced to the mandatory minimum of five years imprisonment. Va. Code Ann. § 18.2-308.2 (2021 Repl. Vol.). His direct appeal was unsuccessful. In 2019 he filed a habeas petition with the Supreme Court

of Virginia, which was denied on May 18, 2020. In the meantime, he fully served his five-year sentence and was released from prison on May 4, 2020, without further supervision requirements or probation obligations. Br. Supp. Mot. Dismiss Ex. Shiflett Aff. ¶¶ 4,5, ECF No. 7-1.[1]

The present Petition was filed in this Court on May 12, 2021. In it, Petitioner asserts that he received infective assistance of counsel during his state prosecution, as well as unlawful search and seizure and prosecutorial misconduct.

Section 2254 provides that a federal court or judge

> shall entertain an application for a writ of habeas corpus in behalf of *a person in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added). The Supreme Court has construed this provision to be jurisdictional and to require that "the habeas petitioner be *'in custody' under the conviction or sentence under attack* at the time his petition is filed." *Maleng v. Cook,* 490 U.S. 488, 490–91 (1989) (emphasis added). While the Court has held that "in custody" does not refer just to physical confinement but also to parole served as part of a sentence involving physical confinement, *Jones v.*

---

[1] Petitioner was not released to parole. Parole was created in Virginia in 1942 and abolished in 1995. Patrick Wilson, *Whether Virginia brings back parole could hinge on who wins power in November*, Richmond Times-Dispatch (Oct. 17, 2021), available at https://richmond.com/news/state-and-regional/whether-virginia-brings-back-parole-could-hinge-on-who-wins-power-in-november/article_3c6c2f47-b31f-5767-9aab-a59fdab3417.html?mode=comments.

*Cunningham,* 371 U.S. 236, 241 (1963), where the petitioner has been unconditionally released prior to the time of filing of the § 2254, no jurisdiction exists under the statute, even in spite of any collateral effects of the conviction. *Wilson v. Flaherty*, 689 F.3d 332, 337–40 (4th Cir. 2012).

Because it is uncontested that Petitioner was not in custody within the meaning of § 2254 at the time of the filing of the Petition or thereafter, the Motion to Dismiss, ECF No. 5, is GRANTED and the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus, EFC No. 1, is DISMISSED.

A Certifiable of Appealability is DENIED.

A separate Judgment will be entered.

It is so **ORDERED**.

ENTER: March 17, 2022

/s/ JAMES P. JONES
Senior United States District Judge